# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ETHELOMA PERKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0267** (BOR Appeal No. 2050754)
                    (Claim No. 2015026652)

**DISH NETWORK CUSTOMER CALL CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Etheloma Perkins, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Dish Network Customer Call Center, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 19, 2016, in which the Board affirmed an August 13, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 29, 2015, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Etheloma Perkins, a trainer, alleges she developed hypertension, type two diabetes, and stress as a result of her hostile work environment. Ms. Perkins was admitted to the hospital after experiencing suicidal ideation on March 30, 2015. She reported she had not been removed from her supervisor's supervision for several months, even after notifying her employer that she was experiencing harassment. The hostility finally resulted in her contemplation of suicide. The discharge diagnoses included bipolar disorder, recurrent episode depressed with suicidal ideation on admission and a reported history of panic disorder with agoraphobia. On April 29, 2015, the claims administrator rejected the claim because it was not work-related.

1

Ms. Perkins testified in a hearing before the Office of Judges on July 21, 2015. Ms. Perkins argued that she should be made whole by holding her employer responsible for her hypertension, diabetes, and stress due to the harassment she suffered in the course of her employment. Ms. Perkins believes that because she had not been diagnosed with these conditions prior to the alleged harassment there is a causal connection between her employer's actions and her conditions. Ms. Perkins also testified that she did not have mood disorder disturbance or bipolar disorder even though the record shows she has previously been diagnosed with both disorders.

The Office of Judges affirmed the claims administrator's decision on August 13, 2015. The Office of Judges noted that Ms. Perkins omitted several pages of her medical records which did not support the credibility of her claim. Medical records submitted by the employer show that Ms. Perkins has a significant pre-existing history of psychiatric problems and that the likely diagnosis for her current problem is bipolar disorder. Bipolar disorder is a disease of ordinary life and is not unique to Ms. Perkins's occupation. The Office of Judges found that her claim was a mental-mental claim and thus compensability was prohibited under West Virginia Code §23-4-1f (2005). The Board of Review affirmed the Office of Judges' Order on February 19, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Perkins has failed to establish she suffered an injury or occupational disease as a result of her work. No treating physicians or medical personnel have suggested the condition from which Ms. Perkins is suffering is in any way related to her occupation. Further, Ms. Perkins has failed to show a physical injury, and thus, her claim is mental-mental and is not compensable under West Virginia Code §23-4-1f.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker